**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MAINOR AMILCAR MARROQUIN, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 13-70417 Agency No. A072-544-152 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Mainor Amilcar Marroquin, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the BIA's denial of a motion to reopen, *Toufighi v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and review de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Marroquin's untimely motion to reopen where the motion was filed over three years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Marroquin failed to present sufficient evidence of changed circumstances in Guatemala to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We reject Marroquin's contention that the BIA failed to consider evidence because he has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). We also reject his contentions that the BIA did not consider his new claim and failed to give his affidavit full weight.

In light of our conclusions, Marroquin's due process claims fail, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation), and we need not reach Marroquin's contention that the BIA failed to address the Guatemalan government's ability and willingness to protect him. We lack jurisdiction to consider Marroquin's contention that the government failed to establish his deportability by clear and

convincing evidence. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**